UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FRANKEL A. THEODORE,**

    **Petitioner,**

**v.**                                                                Case No: 5:23-cv-157-WFJ-PRL

**WARDEN, FCC COLEMAN – LOW**,

    **Respondent.**

_____

**ORDER DISMISSING CASE**

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**I.    BACKGROUND**

In 2020, Petitioner pled guilty to one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Case No. 1:19-cr-20767-MGC (S.D. Fla.). Petitioner was sentenced to 84 months imprisonment followed by 3 years supervised release. Petitioner did not appeal and has not moved to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

**II.    ANALYSIS**

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot

proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

In Grounds One through Four, Petitioner challenges the validity of his conviction and sentence. In Ground One, he challenges his conviction under 18 U.S.C. § 924(c)(1)(A), appearing to claim that the law doesn't list the crimes that count as "crimes of violence." (Doc. 1 at 3). In Grounds Two and Three, he challenges the fact of his detention, claiming § 924(c)(1)(A) fails to address other predicate acts and that his detention violates Article III. *Id.* at 3–4. And, in Ground Four, he again challenges his conviction, alleging that he "is an African-American, and has been illegally detained without the proper rule of law(s) being followed." *Id.* at 4. Section 2241 is unavailable in relation to these claims.

In Ground Five, Petitioner claims that his "detention [is] further in violation of 18 U.S.C. § 4081."[1] (Doc. 1 at 5). He argues he "is being housed with sexual predators" which "evidences [the] Governments [sic] refusal to obey Congress and the will of the People of the United States." *Id.* Construing this claim liberally, Petitioner appears to be challenging the execution of his sentence.

---

[1] 18 U.S.C. § 4081 provides that:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). The fundamental purpose of a habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). In contrast, when a prisoner claims that he is being subjected to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action. *See Muhammad*, 540 U.S. at 750 (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.").

Petitioner does not seek an immediate or speedier release from custody, nor does he challenge the fact of his confinement; rather he challenges the conditions of

4

his confinement at FCC Coleman Low, simply complaining that he is "being housed with sexual predators." *See* Doc. 1 at 5. His claim properly lies in a civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not a habeas corpus action. *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (holding that habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration)[2]; *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035-36 (10th Cir. 2012) (holding that inmate's claim seeking transfer from one BOP detention facility to another is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*).[3] Therefore, because Petitioner attacks the circumstances of his confinement, his claim is not cognizable under § 2241. If Petitioner wishes to pursue a civil rights claim, he may do so by filing a civil rights complaint form.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

[3] Although in *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003), the Eleventh Circuit held that it is proper for a district court to treat a prisoner's petition for release from allegedly invalid administrative or disciplinary confinement as a petition for a writ of habeas corpus, the Eleventh Circuit has never extended *Medberry* to a prisoner's request to change the location of his valid confinement, which is essentially what Petitioner requests here.

5

Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, none of these claims are cognizable under section 2241 because he challenges the validity of his underlying conviction and sentence or the conditions of his confinement, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED** without prejudice. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner