UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FRANKEL A. THEODORE,**

    Petitioner,

v.                                                 Case No: 5:23-cv-157-WFJ-PRL

**WARDEN, FCC COLEMAN – LOW**,

    Respondent.
_____

## ORDER

In an Order dated April 26, 2023, the Court dismissed the Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and because a claim was not cognizable under § 2241. (Doc. 3). Now before the Court is Petitioner's "Rule 60(b), Motion to Reinstate; [Judicial Error in law]." (Doc. 5).

To obtain relief under Rule 60(b)(1), "a litigant must show that the judgment came about through mistake, inadvertence, surprise or excusable neglect." *See J.D. Pharmaceutical Distributors, Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990). "The ordinary meaning of the term "mistake" in Rule 60(b)(1) includes a judge's legal errors." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022). The decision to grant a motion brought pursuant to Rule 60(b) is committed to the sound discretion of the district court. *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015).

Petitioner claims the Order dismissing his petition includes "contradictions of law." (Doc. 5 at 1). Petitioner claims that under federal habeas law he can attack the legality of his custody, referring to *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), as cited in the Order. *See* Doc. 5 at 1; Doc. 3 at 4. However, a motion to vacate that collaterally attacks the legality of a sentence must be brought under § 2255, rather than § 2241. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F. 3d 1076, 1081 (11th Cir. 2017) (en banc). Here, Petitioner's attempt to challenge the legality of his sentences via a § 2241 petition was properly dismissed.[1]

## CONCLUSION

Petitioner's Rule 60(b) Motion (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party

---

[1] The final count of the Petition–claiming his detention violates 18 U.S.C. § 4081 because he is being housed with sexual offenders–is also not cognizable under § 2241. Instead, Petitioner is challenging the conditions of his confinement. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (describing "prisoner classification" as a condition of confinement and stating "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081 [(classification and treatment of prisoners)]"). Claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973).